IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

GLEN HINDBAUGH,                     )
                                    )
                   Plaintiff,       )
                                    )
vs.                                 )        Case Number CIV-06-1240-C
                                    )
THE BOARD OF COUNTY                 )
COMMISSIONERS OF WASHITA            )
COUNTY, *et al.*,                   )
                                    )
                   Defendants.      )

## MEMORANDUM OPINION AND ORDER

On July 8, 2008, Plaintiff filed 3 Amended Complaints adding a claim of "coercion" against Defendants R.C. Daniel, Joey Bales, and Lary Damron.  Defendants filed a Motion to Strike arguing that Plaintiff's filings were outside the time limits of the Scheduling Order and failed to comply with the requirements of Fed.R.Civ.P. 15(a)(2).  Apparently recognizing the error in his previous filing, Plaintiff on July 14, 2008, filed two identical motions seeking leave to file an Amended Complaint against Defendants Daniel, Bales and Damron alleging "coercion."  On the same date, Plaintiff also filed a Motion seeking leave to add the Sheriff of Washita County as a Defendant.  Defendants object to the addition of the claim and the new party.

This matter was originally filed on November 9, 2006.  Plaintiff's original counsel withdrew and Plaintiff proceeded pro se for a period until present counsel entered an appearance in August of 2007.  On October 4, 2007, the Court, after meeting with counsel

for all parties, entered a Scheduling Order.  Of particular importance here, that Scheduling Order set November 1, 2007 as the deadline to join additional parties or amend the pleadings. On March 27, 2008, the Court, at the request of the parties, extended the remaining deadlines by 60 days.  Notably, this extension did not include the deadline for amendments or joining additional parties.  Discovery has now closed and Defendants have filed summary judgment motions which await disposition by the Court.  The case is set for trial on the Court's August 11, 2008 docket.

Considering this history, the Court finds Plaintiff's attempts to amend and/or add additional parties are so untimely that they must be denied.[1]  In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court recognized that "undue delay" was sufficient to overcome Rule 15's directive that leave to amend should be freely given.[2]  In Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971), the Supreme Court recognized that prejudice to the opposing party also supplied a basis for denying leave to amend.  Here, the prejudice to Defendants by Plaintiff's late action is substantial.  To permit the addition of a new claim at this stage would deprive Defendants of the opportunity to

---

[1]  Both the Motion to Add Parties and the Motions for Leave to Amend Pleadings are governed by the same standards.  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

[2]  The Tenth Circuit has held the delay alone is sufficient to deny amendment.  See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir. 1987)("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for "untimeliness" or "undue delay".  Prejudice to the opposing party need not be shown also.").

conduct any needed discovery on the issue and to challenge the sufficiency of the claim by virtue of a summary judgment motion.   Further, Plaintiff can provide no excuse for his delay in raising the claim.   The facts on which Plaintiff's claim is based are the same general facts which give rise to his other claims.   There is no suggestion of newly discovered evidence or surprise that may explain the delay in asserting the "coercion" claim.   "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990).   Finally, the timing of Plaintiff's attempted amendment is suspicious. When the amendments were proposed, Plaintiff was facing summary judgment motion which exposed the weaknesses in the claims presented.

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target," Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir.1998), to "salvage a lost case by untimely suggestion of new theories of recovery," Hayes v. Whitman, 264 F.3d 1017, 1027 (10th Cir.2001), to present "theories seriatim" in an effort to avoid dismissal, Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994), or to "knowingly delay[ ] raising [an] issue until the 'eve of trial,'" Walters v. Monarch Life Ins. Co., 57 F.3d 899, 903 (10th Cir.1995).

Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006).   For all these reasons, the Court finds Plaintiff's Motions to Amend and Motions to Add Parties should be denied.

For the reasons set forth herein, Plaintiff's Motion for Leave to Amend Pleadings (Dkt. No. 113) is DENIED;   Plaintiff's Motion for Leave to Amend Pleadings (Dkt. No. 114) is DENIED; Plaintiff's Motion to Add Parties (Dkt. No. 115) is DENIED; and Defendants

Joint Objection to and Motion to Strike Plaintiff's Untimely Amended Complaints (Dkt. No.

109) is GRANTED and Plaintiff's Amended Complaints (Dkt. Nos. 106, 107, and 108) are

STRICKEN.

IT IS SO ORDERED this 24th day of July, 2008.


ROBIN J. CAUTHRON
United States District Judge