IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN HINDBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-06-1240-C |
| | ) |
| THE BOARD OF COUNTY | ) |
| COMMISSIONERS OF WASHITA | ) |
| COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, asserting his constitutional rights were violated when a residence at which he was staying was searched. Plaintiff also complains that after his arrest and while incarcerated at the Washita County Jail he was denied proper medical care. Finally, Plaintiff asserts state law claims for negligence and intentional infliction of emotional distress ("IIED").

Defendants R.C. Daniel, Larry Damron, and Joey Bales filed a Motion for Summary Judgment asserting the undisputed material facts entitle them to judgment on Plaintiff's claims. Defendants Daniel, Damron, and Bales argue they are entitled to qualified immunity on Plaintiff's constitutional claims; that Plaintiff did not name them in the denial of medical care and negligence claims; and that they are exempt from liability on the IIED claim. Plaintiff filed a response arguing facts remain in dispute and judgment is improper.

Defendant Board of County Commissioners of Washita County ("Board") filed a Motion for Summary Judgment arguing it is entitled to judgment on Plaintiff's § 1983

claims, as he has failed to demonstrate the existence of an improper policy or procedure of the Board which led to the alleged constitutional violations. Defendant Board argues that it is exempt from Plaintiff's state law claims, as they arise from the operation of the jail. Finally, Defendant Board argues Plaintiff may not seek punitive damages against it as it is a municipality. Although the time for response has passed, Plaintiff has neither filed a response to the Board's motion nor sought additional time in which to file a response. Accordingly, the Court will accept the supported facts presented by the Board as undisputed in its determination. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002):

> By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Defendant Sheriff's Department of Washita County filed a Motion for Summary Judgment arguing it is not a legal entity capable of being sued and even if it was, Plaintiff's § 1983 claims against it are invalid as Plaintiff has failed to demonstrate the alleged wrongs were the result of a policy or custom of the Sheriff's Department. Additionally, Defendant Sheriff's Department asserts it may not be held liable under § 1983 under the doctrines of respondeat superior or vicarious liability. As for Plaintiff's state law claims, Defendant Sheriff's Department notes it is not a proper party under the Oklahoma Governmental Tort Claims Act ("OGTCA"), as it is not a political subdivision. Finally, Defendant Sheriff's Department asserts Plaintiff's punitive damages claims are invalid under the tort claims act.

As with Defendant Board, Plaintiff has failed to file a response to Defendant Sheriff's Department's motion. Accordingly, the supported facts asserted therein will be taken as undisputed.

Defendant Roger Reeve filed a Motion for Summary Judgment asserting he is entitled to judgment on Plaintiff's § 1983 claims, as he is entitled to qualified immunity and/or Plaintiff has failed to demonstrate Defendant Reeve's personal participation in the alleged constitutional violation. As for Plaintiff's state law claims, Defendant Reeve argues he is entitled to immunity as Plaintiff's claims may only be brought against the governmental entity. Plaintiff filed a response to Defendant Reeve's motion, arguing the motion should be denied.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.

Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Of particular importance in this case is subparagraph (e)(1) to Rule 56. In pertinent part that portion of the rule states: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

1. Qualified Immunity.

Defendants Daniel, Damron, Bales, and Reeve's claims of qualified immunity alter the usual summary judgment process. Under Tenth Circuit case law, a plaintiff seeking to avoid summary judgment on qualified immunity grounds must satisfy a "heavy two-part burden" by showing: "(1) 'that the defendant's actions violated a constitutional or statutory right,' and (2) that the right 'was clearly established at the time of the defendant's unlawful conduct.'" Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1150 (10th Cir. 2006) (quoting Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001)). The "threshold inquiry in the qualified immunity analysis is whether, taking [Plaintiff's] allegations as true, [Defendants]

<'s>

violated [his] Fourth Amendment right to be free from unreasonable [searches]." Jones v. Hunt, 410 F.3d 1221, 1225 (10th Cir. 2005).

In his deposition, Plaintiff testifies that he repeatedly informed Defendants that he did not "live" in the house, that he had no "change of clothes" there, and that as a consequence he could not comply with the request that he consent to the search of the home. See Dkt. No. 103, Deposition, Glen Hindbaugh, pp. 163, 164, & 171.  In short, Plaintiff disavowed any reasonable expectation of privacy in the place to be searched.  As the Tenth Circuit explained in addressing a complaint of an improper search of a defendant's girlfriend's apartment, Plaintiff's statements preclude his claimed violation of the Fourth Amendment:

> A "person has standing only to challenge the violation of his own Fourth Amendment rights." United States v. Ladeaux, 454 F.3d 1107, 1112 (10th Cir. 2006).  "Fourth Amendment rights are personal, and, therefore, a defendant cannot claim a violation of his Fourth Amendment rights based only on the introduction of evidence procured through an illegal search and seizure of a third person's property or premises." United States v. DeLuca, 269 F.3d 1128, 1131 (10th Cir. 2001) (quotation omitted).
>
> The relevant question presented here is whether [Defendant] "manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as objectively reasonable." United States v. Valdez Hocker, 333 F.3d 1206, 1208-09 (10th Cir. 2003) (quotation omitted).  It is [Defendant's] "burden of demonstrating that he had a personal Fourth Amendment interest that was implicated by the search. . . ." United States v. Jones, 213 F.3d 1253, 1260 (10th Cir. 2000).

United States v. Beckstead, 500 F.3d 1154, 1163 (10th Cir. 2007), cert. denied ___ U.S. ___, 128 S.Ct. 1757 (2008).  The Circuit applies the same two-pronged test in determining if a search violated the Fourth Amendment for purposes of a § 1983 lawsuit.

>   A search under the Fourth Amendment "occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Whether an individual has a constitutionally protected reasonable expectation of privacy in an object or place is a two-fold inquiry: (1) whether the individual has manifested a subjective expectation of privacy in the object or place to be searched and (2) whether that expectation is one society is prepared to recognize as reasonable. United States v. Hatfield, 333 F.3d 1189, 1195 (10th Cir. 2003).

Reeves v. Churchich, 484 F.3d 1244, 1254 (10th Cir. 2007), cert. denied ___ U.S. ___, 128 S.Ct. 1219 (2008). By denying any ownership interest or expectation of privacy in the place to be searched, Plaintiff has forfeited any ability to satisfy his burden of showing a violation of the Fourth Amendment. Indeed, neither in his deposition nor in his response brief does Plaintiff offer any plausible argument under which his Fourth Amendment rights could have been violated. Consequently, Defendants Daniel, Damron, Bales, and Reeve are entitled to qualified immunity and judgment on this claim. Further, because Plaintiff cannot make a showing of a constitutional violation related to the entry or search of the home, to the extent he raised claims against the other Defendants, those claims must be denied.

2. Denial of Medical Care.

Plaintiff's claims of denial of medical care are likewise unsustainable against Defendants. Plaintiff claims he included these claims against all Defendants by incorporating all previous paragraphs prior to asserting his medical care claims. Without regard to the validity of such conclusory pleading, Plaintiff's claims must fail as he has failed to offer any evidence or argument demonstrating any Defendant's personal participation in the alleged denial of medical care. See Clayton v. Ward, 232 F. App'x. 827, 830 (10th Cir. 2007):

> "[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (noting there is no respondeat superior liability under § 1983 ); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").

Thus, all Defendants are entitled to judgment on Plaintiff's denial of medical care claim.

3.  State Law Claims.

Plaintiff has asserted state law based claims for negligence and IIED. All Defendants except for the Board argue these claims must be dismissed as they are exempt from liability for the claims under the OGTCA. Plaintiff counters that because a sheriff's department or a sheriff are not expressly included in the definition of political subdivision found in 51 Okla. Stat. § 152, they are not covered by the OGTCA. Plaintiff's position is without merit. Section 152 clearly includes counties in the definition of a political subdivision. Further, the Oklahoma Constitution and Statutes specify that each County shall employ a sheriff. See Okla. Const. Art. 17, § 2; 19 Okla. Stat. § 131. Thus, Defendants' liability, if any, is governed by the provisions of the OGTCA. 51 Okla. Stat. § 163(C) provides that only the political subdivision may be named as a Defendant. Accordingly, all Defendants other than the Board are entitled to judgment as a matter of law on Plaintiff's state law tort claims against them.

Defendant Board acknowledges that it is a proper Defendant under the OGTCA but argues that based on Plaintiff's allegations it can have no liability, as the alleged wrongdoing would have occurred outside the scope of employment. Additionally, Defendant Board

argues it is exempt from liability under the terms of 51 Okla. Stat. § 155(24). In pertinent part, that statute states: "The state or a political subdivision shall not be liable if a loss or claim results from: [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." Because Plaintiff's negligence and IIED claims arise from alleged misdeeds by the staff while he was being held in the jail, this section bars his claims. See Medina v. State, 1993 OK 121, ¶ 10, n.13, 871 P.2d 1379, 1384, n.13:

> Reading the three clauses of § 155([24]) together reveals an intent to withhold the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish the services of a penal institution, including the construction and repair of the facility; the security of the facility; the employment of personnel; the utilities and furnishings of the facility; the food, clothing, items for hygiene and other basic personal items needed by inmates or other persons; the educational, rehabilitative, communicational, recreational and medical and health services or any other service provided for inmates or other persons; the assignment of an inmate to a facility or a cell; and the release of an inmate; with the single exception of loss to persons not in custody caused by an accident involving a motor vehicle operated by the Department of Corrections.

Because Plaintiff's claims against Defendant Board are barred by sovereign immunity, it is entitled to judgment on those claims.

For the reasons set forth herein, Defendants R.C. Daniel, Lary Damron, and Joey Bales' Motion for Summary Judgment (Dkt. No. 96) is GRANTED; Defendant Board of County Commissioners of Washita County's Motion for Summary Judgment (Dkt. No. 97) is GRANTED; Defendant Roger Reeve's Motion for Summary Judgment (Dkt. No. 99); and Defendant Sheriff's Department of Washita County's Amended Motion for Summary

Judgment (Dkt. No. 102) is GRANTED. Judgment will be entered on behalf of all Defendants and against Plaintiff. All other pending motions are stricken as moot.

IT IS SO ORDERED this 24th day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge