IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN HINDBAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-06-1240-C |
| ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF WASHITA ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Following the Court's entry of judgment in favor of Defendants, Plaintiff filed the present motion seeking reconsideration of the Court's decision. Because Plaintiff's motion was filed within ten days of the entry of judgment it is considered as brought pursuant to Fed. R. Civ. P. 59(e). See Price v. Philpot, 420 F.3d 1158, 1167, n.9 (10th Cir. 2005):

> Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).

Plaintiff offers little reasoning or analysis to support his request for reconsideration of the Judgment. Indeed, the motion is primarily composed of materials referencing other instances of alleged improper police searches apparently photo-copied from some source. As there is no indication or argument that these cases are somehow factually related to Plaintiff's case, they offer no evidentiary support. Plaintiff has also attached several pages of typewritten

material complaining about the inadequacies of his counsel. Again, for the most part this information demonstrates no error in the Court's earlier reasoning. However, buried in Plaintiff's text is the statement that he "was on the lease" of the apartment searched and that he was going to "spend the night" in the apartment on the day it was searched. Assuming these statements have some evidentiary weight, they would require additional analysis as the Court's Order was premised in part on Plaintiff's lack of a reasonable expectation of privacy in the area to be searched.

Even accepting the "new" facts as true, Defendants are still entitled to qualified immunity and hence summary judgment. In evaluating the defense of qualified immunity, the Court must consider two issues:

> (1) whether a plaintiff has asserted that the defendant violated a constitutional or statutory right, and if she has, (2) "whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated that right." Maestas [v. Lujan], 351 F.3d [1001] at 1007 [(10th Cir. 2003)] (internal quotation marks and alterations omitted).

Keylon v. City of Albuquerque, --- F.3d ---, 2008 WL 2967658, *6 (10th Cir. 2008). "'In determining whether the right was 'clearly established,' *the court assesses the objective legal reasonableness* of the action at the time of the alleged violation and asks whether the right was sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Id., quoting Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). It is the assessment of whether a reasonable officer would understand that his actions were violating Plaintiff's rights that dooms Plaintiff's claim. At the time of the search, Plaintiff, according to his testimony, repeatedly informed the officers that he had no privacy interest

in the home. Armed with that information, no reasonable officer could believe that searching the premises would violate Plaintiff's rights. Thus, as a matter of law, there can be no valid Fourth Amendment claim. Keylon, 2008 WL 2967658 at *7 (quoting Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1251 (10th Cir. 2003) ("The objective legal reasonableness of the [defendant]'s actions is a legal question.")).

Because Plaintiff has failed to demonstrate any legal or factual error in the Court's earlier Order and Judgment, his Motion to Request Judgment Reconsideration of 7-24-08 (Dkt. No. 132) is DENIED. The Court Clerk is directed to supplement the preliminary appellate record by transmitting a copy of this Order and an updated copy of the docket sheet to the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 14th day of August, 2008.

ROBIN J. CAUTHRON
United States District Judge